J-S12001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KENTLIN HOPKINS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| B & C HAULING, BRADLEY L. | : | No. 1633 MDA 2017 |
| HORST, AND COLLEEN HORST | : | |

Appeal from the Order September 27, 2017
In the Court of Common Pleas of Schuylkill County Civil Division at
No(s): S-86-16

BEFORE: LAZARUS, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY LAZARUS, J.:                    **FILED MARCH 12, 2018**

Kentlin Hopkins appeals from the order dismissing, as frivolous and with prejudice, his action filed against Appellees, Bradley and Colleen Horst (the Horsts). After review, we quash the appeal.[1]

Although not clearly articulated in his brief, what we can discern from the record is that in May 2016, Hopkins attempted to file a breach of contract action against the Horsts. Hopkins alleges that the Horsts, who own a hauling company, verbally agreed to pay Hopkins' retainer fee to have his book published. Hopkins claims that the Horsts broke their agreement, failed to stay in touch with him, and "ha[ve] taken full control over [his] property

_____

[1] Appellees have not filed a brief on appeal.

(book)." Appellant's Brief, at 4. He asserts that when the agreement fell apart and he initiated the underlying action, his attempts to serve the Horsts with the complaint were unsuccessful. He avers that the court should rule in his favor and grant him everything requested in his complaint because the Horsts are aware of the civil action against them and have "cho[sen] to ignore the proceedings." Appellant's Brief, at 8.

Hopkins has failed to comply with Pa.R.A.P. 2111, by failing to include a scope and standard of review and a proper statement of questions involved in the appeal. Rather, Hopkins lists alleged facts as his questions and makes legal conclusions in his statement of the case and procedural history. Most fatal to his appeal, however, is his failure to provide any cogent legal argument supported by record evidence, relevant rules, statutes or case law. In sum, Hopkins' brief is incomprehensible and, as a result, he has hampered our ability to conduct meaningful appellate review. Pursuant to Pa.R.A.P. 2101, "if the defects in the brief . . . of the appellant are substantial, the appeal or other matter may be quashed or dismissed." Accordingly, we quash the instant appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/12/2018